### In re Juan Tomás PEÑAGARICANO.

#### Misc. No. 81–0047CC.

United States District Court,
D. Puerto Rico.

Aug. 24, 1983.

Celestino Morales, San Juan, P.R., for Juan Tomás Peñagaricano.

### ORDER

On March 31, 1983 a hearing was held before the Hon. James L. Watson, sitting by designation, to consider whether or not disciplinary action should be taken against Juan Tomás Peñagaricano, Esq. for making fraudulent representations which benefited his client Carlos Marin in the case of *United States, et al. v. Carlos Marin and Caribbean Restaurants, Inc.,* Civil 77–0121 (D.C.Puerto Rico, Feb. 5, 1980) affirmed, 651 F.2d 24 (1st Cir.1981). In that case the court found that a letter of May 20, 1976 signed by the receiver for the assets of Escambrón Development Company acquiescing to the occupancy of a portion of the ground floor of the Normandie Hotel was procured through fraudulent representations made by Mr. Peñagaricano, Marin's attorney, to the effect that (1) the lease was for a total of three years, and (2) the lease had been authorized by a corporate resolution. Respondent Peñagaricano appeared represented by counsel and testified at the hearing held before Judge Watson. On May 23, 1983 Judge Watson issued an Opinion, filed on May 24, 1983, stating that in his judgment disciplinary action was not warranted and recommended that no disciplinary action be taken against respondent Peñagaricano.

After considering the opinion of the district court in the case of *United States v. Marin, supra,* the decision of our Circuit Court of Appeals affirming the trial court's judgment as well as the transcript of the hearing held before Judge Watson, the Court concludes that respondent Peñagaricano has not produced any information, facts or circumstances which would alter, negate or mitigate in any manner the final determinations made by the district court and affirmed by our circuit that respondent made false representations which induced the receiver to consent to the occupancy of the building to the benefit of his client and to the detriment of the federal government which required initiating a civil action in order to annul the lease contract obtained precisely by means of such false representations.

Accordingly, the court, in the exercise of its inherent power to regulate and supervise the professional conduct of the attorneys admitted to practice before it, hereby determines that the fraudulent representations made by Juan Tomás Peñagaricano, Esq. constitute conduct unbecoming of a member of this Court and is sufficient cause which warrants a reprimand. Mr. Peñagaricano is hereby admonished that future conduct of this nature may result in the imposition of severe sanctions.

SO ORDERED.